**UNITED STATES of America**
v.
**Irvin C. SCARBECK.**
Crim. No. 591-61.

United States District Court
District of Columbia.

Nov. 18, 1963.

Paul Vincent and James A. Cronin, Jr., Dept. of Justice, for the United States.

Samuel Klein and Arthur M. Wagman, Washington, D. C., for defendant.

LEONARD P. WALSH, District Judge.

This matter comes before the Court on defendant's motion for a reduction in sentence.

In October 1961 Irvin C. Scarbeck was tried and found guilty by the jury on three counts of violation of Title 50, section 783(b) of the United States Code, which makes it unlawful for any officer or employee of the United States to communicate to an agent or representative of a foreign nation any information which has been "classified" as affecting the security of the United States.

The Code further provides that a penalty of 10 years may be imposed as a sentence for each such violation.

In this case the Court, on November 9, 1961, imposed a sentence of 10 years for each of the counts, said sentences to run consecutively, that is, for a total of 30 years. Defendant appealed.

In an opinion dated December 31, 1962, Scarbeck v. United States, D.C.Cir., 317 F.2d 546, at page 569, the Circuit Court

affirmed the judgment of conviction and the order denying a new trial, and stated:

"However, in view of the extent of appellant's cooperation with the authorities during the investigation, we think the District Court should seriously consider exercising its power, under Fed.R.Crim.P. 35, to reduce the sentences which have been imposed, as for example, by making them run concurrently."

Petition for rehearing en banc was denied.

The defendant made application for certiorari in the United States Supreme Court, 375 U.S. 874, 84 S.Ct. 35, 11 L.Ed. 2d 105 and this was denied on June 17, 1963. Application for rehearing was denied on October 14, 1963. The Defendant has therefore exhausted all judicial review.

At the time of sentencing on November 9, 1961, the trial court stated no reasons for imposition of the maximum penalty in each count nor for ordering that the three sentences run consecutively for a total of thirty years. It was the opinion of this Court that the reasons were self-evident.

The Court was obliged to recognize that by reason of his training and experience the defendant was well aware of the need for security measures and the inherent danger in becoming involved with nationals behind the Iron Curtain.

Irvin Scarbeck had been engaged for approximately twenty years in work in which national security was a major concern, and at the time of the offenses was no novice or inexperienced in security matters. On the contrary, he had every reason to be familiar with espionage and counter-espionage tactics and the efforts of other nations to secure information.

The documents involved in this case had been classified by the proper authorities as affecting the security of the United States.

The imposition of the sentences here was in the nature of recognition of the many employees of our Government assigned to security work who are loyal to our Government and their positions of trust.

This Court has no confidential information concerning security matters; that is a matter for the executive and legislative departments, for cabinet and defense officials.

In September of 1961, 155,800 members of the Reserves were called to active duty in the armed services, with resulting breaking up of homes and families, and interruption of education and employment. The President indicated that these reservists were specialists whose services were needed for security.

In the fiscal year just ended this Nation spent an estimated 53 billion dollars in the name of security; and in the past five years has spent approximately 243 billion dollars for national security.

In the present year it is estimated our government has 593,000 military and 23,500 civilian employees assigned to duty overseas, working in the name of security. This is in addition to the thousands of State Department employees assigned to foreign service around the world.

The Court would infer that agents of foreign governments use every known device to tempt these officers and employees to furnish information which our Government considers of such importance as to bear a stamp of classified, that is, "Top Secret", "Secret" or "Confidential."

And this Court certainly is of the opinion that these representatives and employees of our government, whether serving in military, civilian or diplomatic services, are constantly rejecting these offers made to them by agents of other governments for communication of security information. Many of these employees do not hold positions of high standing or economic remuneration; they are enlisted personnel in military service; they are clerical and other office workers in our embassies and offices overseas. They do not enjoy the prestige of higher officials in our government.

The Court, in imposing the sentences in this case, certainly took into consider-

ation the military and civilian personnel and members of the diplomatic corps, who maintain constant vigil for the protection and security of the United States, and that these persons are concerned with the attitude of the people back home in recognizing the efforts made by persons assigned overseas to protect the security of the United States.

The Court certainly was, and is, of the opinion that if a person of high governmental status should deal with an official of a foreign government behind the Iron Curtain, it would be of very serious detriment to all of the efforts to maintain the security of the United States.

For these and many other reasons the Court imposed the sanctions called for by Congress in sentencing this defendant. The Court was of the opinion that the actions of this defendant justified the sentences.

This Court, however, recognizes that three other Judges, equally concerned, have minutely studied the lengthy record in this case; this is obvious from their opinion of December 31, 1962.

After careful study of the facts and circumstances in this case, these Judges have suggested that the trial court review the sentences imposed. I have given careful consideration and full weight to their studied opinion and to the conclusion which they reached. The Court of Appeals, speaking through Judge Washington, was of the opinion that the sentences might be reviewed on the basis of the cooperation of the defendant with the investigating authorities.

The trial court considers that this is not as important as the fact that the actions of the defendant as set forth in the three counts of the indictment involved in this case may be considered as one transaction, in that they deal with one subject matter, the same persons were involved, the purpose of each transaction was the same, and the information given pertained to the same security matter.

The Court sets aside the sentences imposed on November 9, 1961.

The Defendant, Irvin C. Scarbeck, will be remanded to the custody of the Attorney General or his designated representative for imprisonment in an institution of his designation, to serve the following sentences:

On Count One—10 years;

On Count Two—10 years, to run concurrently to the 10 years imposed on Count One; and

On Count Three—10 years, to run concurrently to the sentences imposed in Counts One and Two; and said sentences are to be served pursuant to Title 18 U.S.Code § 4208(a) (2).